## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Kahri Smith,

               Petitioner,              Case Number: 15-cv-11648
                                          Hon. Judith E. Levy

v.                                      Mag. Judge Anthony P. Patti

Bonita Hoffner,

               Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS [5], DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, <u>AND DENYING CERTIFICATE OF APPEALABILITY</u>

## I.    Introduction

Michigan state prisoner Kahri Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights.  (Dkt. 1)  Petitioner was convicted in Wayne County Circuit Court of second-degree murder, Mich. Comp. Laws § 750.317.  Before the Court is Petitioner's motion to stay these proceedings so that he can raise unexhausted claims in the state courts.  (Dkt. 5).  For the reasons set forth below, the Court will deny Petitioner's motion, dismiss the petition without prejudice, and

deny a certificate of appealability.

## II.   Background

Petitioner was convicted by a jury of second-degree murder in connection with the beating death of his uncle. The trial court sentenced him to twenty to forty years' imprisonment. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising claims that the trial court denied him his right to present a defense and that the trial court incorrectly scored several offense variables. The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented." *People v. Smith*, No. 309407 (Mich. Ct. App. Nov. 28, 2012). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to the Michigan Court of Appeals for consideration as on leave granted. *People v Smith*, 494 Mich. 874 (2013).

On remand, the Michigan Court of Appeals affirmed Petitioner's conviction, but vacated the sentence and remanded for resentencing.

2

*People v. Smith*, No. 309407, 2013 WL 6670897 (Mich. Ct. App. Dec. 17, 2013).   Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the claim that he was denied his right to present a defense.   The Michigan Supreme Court denied leave to appeal.   *People v. Smith*, 496 Mich. 859, 847 N.W.2d 513 (Mich. June 24, 2014).

On July 30, 2014, the trial court resentenced Petitioner to the same sentence of twenty to forty years' imprisonment.   On August 22, 2014, Petitioner filed a claim of appeal in the Michigan Court of Appeals.   On January 26, 2015, the Michigan Court of Appeals dismissed the appeal because the parties entered into a stipulation agreeing to the dismissal.   *People v. Smith*, No. 323309 (Mich. Ct. App. Jan. 26, 2015).

On April 24, 2015, Petitioner filed the pending habeas corpus petition.   He claims that the trial court violated his right to present a defense when it did not allow him to present evidence of self-defense. He then filed a motion to stay the habeas proceeding.

On September 15, 2015, Petitioner filed a motion for relief from

judgment in the trial court. The trial court denied the motion on November 19, 2015. *People v. Smith*, No. 11-000477-01-FC.

## III.  Discussion

Petitioner seeks a stay so that he may present unexhausted claims of ineffective assistance of trial and appellate counsel in state court. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts; *i.e.*, the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.

4

1994).

After filing his habeas petition, which raises only one exhausted claim, Petitioner filed a motion for relief from judgment in the trial court, raising his unexhausted ineffective assistance of counsel claims. A prisoner is required to comply with the exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, a procedure is available for Petitioner to complete exhaustion of these claims. He already has filed a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. That motion was denied on November 19, 2015. Petitioner has six months to file an application for leave to appeal in the Michigan Court of Appeals. M.C.R. 7.205(G). If the Michigan Court of Appeals denies leave to appeal, Petitioner may seek leave to appeal in the Michigan Supreme Court.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected

5

petition.   *See Rhines v. Weber*, 544 U.S. 269, 276 (2005).

However, stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay.   The one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), does not begin to run until ninety days after the conclusion of direct appeal. *Gonzalez v. Thaler*, ___U.S. _____, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires).   The Michigan Supreme Court denied leave to appeal on June 24, 2014, and Petitioner had 90 days from that date, until September 22, 2014, to seek a writ of certiorari with the United States Supreme Court.   The one year limitations period commenced the next day, September 23, 2014.   Approximately five months of the one-year limitations period applicable to habeas corpus petitions

6

remained when Petitioner filed his federal habeas corpus petition on April 24, 2015.

While the time in which this case has been pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time may be equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Assuming that Petitioner files a timely application for leave to appeal in the Michigan Court of Appeals and then, if that application is denied, a timely application for leave to appeal in the Michigan Supreme Court, he will have five months to re-file this petition after the conclusion of proceedings in the state trial and appellate courts. Thus, Petitioner has not shown the need for a stay and a dismissal of the habeas petition

without prejudice is appropriate.

## IV.   Conclusion

Accordingly, Petitioner's Motion to Stay Proceedings (Dkt. 5) is DENIED, and his petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.   If Petitioner wishes to proceed on the exhausted claim and abandon his unexhausted claims, he may move to reopen these proceedings within thirty days from the date of the Order.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.   *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   Because reasonable jurists could not debate the correctness of the Court's

procedural ruling, a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated: December 8, 2015                  s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 8, 2015.

                                         s/Felicia M. Moses
                                         FELICIA M. MOSES
                                         Case Manager

10