# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Kahri Smith,

           Petitioner,     Case No. 15-cv-11648

v.                                 Judith E. Levy
                                 United States District Judge

Bonita Hoffner,

                                 Mag. Judge Anthony P. Patti
           Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Michigan prisoner Kahri Smith ("Petitioner") filed this habeas corpus petition under 28 U.S.C. § 2254. Petitioner, who is proceeding *pro se*, was convicted of second-degree murder, Mich. Comp. Laws § 750.317, and sentenced to 20 to 40 years imprisonment. Petitioner seeks habeas relief on the ground that he was denied his right to present a defense and to a fair trial when the trial court barred presentation of a self-defense theory in the case.

For the reasons that follow, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability.

## I. Background

Petitioner's convictions arise from the beating death of Petitioner's uncle, Eric Smith. The Michigan Court of Appeals summarized the evidence adduced at trial leading to Petitioner's convictions as follows:

> On August 4, 2010, defendant beat his uncle, Eric Smith, to death. Smith had locked defendant out of his house and defendant was attempting to break in to Smith's house. While Smith was telephoning people requesting help, defendant kicked in a basement window, and then he kicked in a door, entered Smith's house, and beat him in the head and face. When Smith's son and daughter arrived minutes later, they found Smith bleeding from his face and unconscious near an open side door to the house. When Smith's son asked defendant what happened to his dad, defendant answered: "I killed that motherfucker." Smith was taken to the hospital where he died.
>
> The medical examiner testified that Smith died from several blunt-force head wounds. Smith had two black eyes, abrasions on his forehead, and both ears were bruised and had extensive swelling. He also had bruises on the top of both shoulders and on the backs of both wrists. The mucous membranes in Smith's mouth had multiple tears. An internal examination revealed that Smith had extensive hemorrhagic infiltration of the soft tissues of the scalp, his brain was extensively swollen, and he had a subdural hemorrhage, as well as multiple patches of hemorrhage scattered throughout the surface of his brain. The medical

examiner testified that Smith's injuries were consistent with being struck by fists and that Smith "suffered extensive blows throughout the left side of his head." Defendant's defense to the charge was legal insanity, which the jury rejected. Defendant had requested a self-defense jury instruction, which the trial court denied.

*People v. Smith*, No. 309407, 2013 WL 6670897, *1 (Mich. Ct. App. Dec. 17, 2013).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising claims that the trial court denied him his right to present a defense and that the trial court incorrectly scored several offense variables. The Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented." *People v. Smith*, No. 309407 (Mich. Ct. App. Nov. 28, 2012). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded the case to the Michigan Court of Appeals for further consideration. *People v Smith*, 494 Mich. 874 (2013).

On remand, the Michigan Court of Appeals affirmed Petitioner's conviction, but vacated the sentence and remanded for resentencing. *People v. Smith*, No. 309407, 2013 WL 6670897 (Mich. Ct. App. Dec. 17,

2013). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the claim that he was denied his right to present a defense. The Michigan Supreme Court denied leave to appeal. *People v. Smith*, 496 Mich. 859 (2014). On July 30, 2014, Petitioner was resentenced in the trial court. The trial court imposed the same sentence of 20 to 40 years imprisonment.

Petitioner then filed this habeas corpus petition. He raises a single claim:

> The trial court reversibly erred in barring the defense from presenting a self-defense theory in the case, and thus effectively precluding any request for an instruction on that defense theory, contrary to Mr. Smith's constitutional rights to present a defense and to a fair jury trial.

## II. Legal Standard

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard

5

for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102.

Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or … could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground that supported the state-court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 565 U.S. 520, 525 (2012).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner

may rebut this presumption of correctness only with clear and convincing evidence. *Id.*; *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Discussion

Petitioner claims that the trial court denied him his right to present a defense and to a fair trial by denying his request to present evidence of self-defense and declining to instruct the jury on self-defense.

The right of a defendant to present a defense has long been recognized as "a fundamental element of due process of law." *Washington v. Texas,* 388 U.S. 14, 19 (1967). It is one of the "minimum essentials of a fair trial." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). But the Supreme Court also recognizes that "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Nevada v. Jackson*, 569 U.S. 505, 133 S. Ct. 1990, 1992 (2013) (quotation omitted). A defendant "does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence."

7

*Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). State rules excluding evidence from criminal trials "do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Scheffer*, 523 U.S. 303, 308 (1998) (internal quotation omitted). "A defendant's interest in presenting...evidence may thus bow to accommodate other legitimate interest in the criminal trial process." *Id.* The exclusion of evidence has been found to be "unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused." *Id.*

Petitioner raised his claim that he was denied the right to present a defense on direct appeal in state court. The Michigan Court of Appeals, in a comprehensive and well-reasoned opinion, found no constitutional violation. *Smith*, 2013 WL 6670897 at *1-*2. The Michigan Court of Appeals held, in pertinent part:

> [A] defendant must conform to the rules of procedure and evidence in presenting his defense. *Id.* Michigan's self-defense law is set forth at MCL 780.972, which provides in pertinent part:
>
>> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual

8

> anywhere he or she has the legal right to be with no duty to retreat if the following applies:
>
> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.
>
> The defendant bears the burden of producing some evidence to establish a prima facie case of self-defense. *People v. Dupree*, 486 Mich. 693, 709-710; 788 N.W.2d 399 (2010).
>
> In this case, the undisputed evidence included that defendant did not have the legal right to be in [Eric] Smith's house, [Eric] Smith did not want defendant in his house, and defendant kicked in a door in order to enter [Eric] Smith's house at which time he beat [Eric] Smith, inflicting fatal injuries. Further, there was no evidence to support a claim that defendant honestly and reasonably believed that the use of deadly force against [Eric] Smith was necessary to prevent defendant's imminent death or imminent great bodily harm. [Eric] Smith had defensive injuries on the backs of his wrists, was 5' 10" tall, and weighed 114 pounds, and was found unconscious near a side door to the house. Defendant was 5' 9" tall and weighed 190 pounds. There was no evidence that [Eric] Smith had any weapon or threatened defendant with a weapon. Because the evidence did not support a self-defense theory, defendant was not denied his constitutional right to present this defense and the trial court did not abuse its discretion when it precluded defendant from raising the defense and in refusing to provide a self-defense instruction to the jury. *See Gillis*, 474 Mich. at 113; *Hine*, 467 Mich. at 250; *Kurr*, 253 Mich. App. at 327. Thus, this issue is without merit.

*Smith,* 2013 WL 6670897 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, Petitioner argues that the trial court did not allow him to explore his uncle's reputation for aggressiveness to support a self-defense theory. (Dkt. 1, at 8-9). Defense counsel questioned Edith Smith, Petitioner's grandmother and Eric Smith's mother, about his reputation as an "agitator" and an altercation that Eric Smith had with his own son. (Dkt. 7-7, at 46-47; Dkt. 7-8, at 32-33). After allowing defense counsel some leeway in this questioning, the trial court sustained the State's objection and limited this line of questioning. (Dkt. 7-8, 33-34). The trial court reasoned that the testimony did not support a self-defense theory because no relevant evidence had been presented. (*Id.* at 34-35).

There is no evidence that Eric Smith's mother would have provided testimony favorable to the defense if the defense questioning had continued. In her limited testimony on this subject, she testified that Eric Smith had required hospitalization after being beaten by his own son. (Dkt. 7-7, at 46). This hardly supports a theory that Eric Smith himself was aggressive and was therefore irrelevant to

Petitioner's defense. The limitations placed on this testimony, therefore, did not infringe on a weighty interest of the accused.

With respect to a self-defense jury instruction, the defense presented an insanity defense. Petitioner's brief reference in his custodial statement to "possibly" having been assaulted by his uncle did not present a defense of self-defense under Michigan law, particularly in light of Petitioner's statement that he could not clearly remember what had happened because he had been drinking and using drugs before the altercation. As pointed out by the state appellate court, Petitioner forced entry into Smith's home, Smith indicated his need for immediate help in phone calls to his mother and his son, and there was no indication that Smith attempted to use a weapon against Petitioner. The trial court was reasonable in concluding that the evidence did not warrant a self-defense instruction and therefore did not deprive Petitioner of his constitutional right to defend himself. The Michigan Court of Appeals' decision on this claim was not objectively unreasonable and habeas relief is denied.

## IV. Conclusion

For the reason set forth above, the Court will deny the petition for

a writ of habeas corpus.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

The Court finds that jurists of reason would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted, and denies a certificate of appealability.

The Court further concludes that Petitioner will not be granted leave to proceed on appeal *in forma pauperis* because any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

## V. Order

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus. (Dkt. 1.)

The Court further DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: November 28, 2017　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 28, 2017.

　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　Case Manager