# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Kahri Worthy Smith,

           Petitioner,        Case No. 15-11648

v.                                    Judith E. Levy
                                    United States District Judge

Bonita Hoffner,

                                    Mag. Judge Anthony P. Patti
           Respondent.

_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT [28, 29] TO THE SIXTH CIRCUIT COURT OF APPEALS

On November 28, 2017, the Court denied petitioner Kahri Smith's 28 U.S.C. § 2254 habeas corpus petition challenging his second-degree murder conviction and denied a certificate of appealability. (Dkt. 18.) The Court then transferred petitioner's request to proceed *in forma pauperis* on appeal and for reconsideration of the Court's denial of the certificate of appealability to the Sixth Circuit Court of Appeals. (Dkt. 25.) The Sixth Circuit denied both. (Dkt. 26.) Petitioner's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) is before the Court. (Dkts. 28, 29.)

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceedings" under limited circumstances. Fed. R. Civ. Pro. 60(b). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not "expressly circumscribe the operation of Rule 60(b)," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), but its "operation" in § 2254 proceedings must be consistent with AEDPA. *Franklin v. Jenkins*, 839 F.3d 465, 476 (6th Cir. 2016). And under AEDPA, a district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A second or successive habeas application is one that that presents a claim already "presented in a prior application," § 2244(b)(1), or any new claim unless a constitutional law is newly retroactive, the factual predicate could not have been discovered earlier, or the petitioner can show that he is innocent. § 2244(b)(2). A Rule 60(b) motion filed in a § 2254 action may be a second or successive habeas petition. *Gonzalez*, 545 U.S. at 530–32.

A Rule 60(b) motion is a "second or successive" habeas application if it "'advances' one or more [federal] 'claims'" attacking the merits of a state court conviction. *Franklin,* 839 F.3d at 473 (quoting *Post v.*

2

*Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005)). A petitioner may not use a Rule 60(b) motion to "amend to try to raise new habeas claims [or] supplement already litigated claims with new evidence." *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 531–32). If the "motion does not attack a determination on the merits," it is not a second or successive habeas application. *Tyler v. Anderson*, 749 F.3d 499, 507 (6th Cir. 2014). In other words, "a petitioner does not seek to advance new claims 'when [his] motion "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."'" *Franklin*, 839 F.3d at 473 (quoting *Post*, 422 F.3d at 424).

In his Rule 60 motion, petitioner is advancing new federal claims based on the Sixth and Fourteenth Amendments that attack the merits of his state court conviction. (Dkts. 28, 29.) First, he argues that the state court's fact-finding procedures were deficient "to afford the petitioner with a full and fair hearing." (Dkt. 28 at 1.) Then, he asserts that the state court's conclusion that a home invasion occurred is an unreasonable determination of the facts in light of the evidence. (*Id.* at 2; Dkt. 29 at 2.)

3

Finally, he argues that the transcript shows witnesses committed perjury. (Dkt. 28 at 4–5.) The motion, therefore, is a successive habeas petition, and petitioner has not obtained appellate authorization to file a subsequent petition. § 2244(b)(3)(A).

Accordingly, the Clerk of the Court shall **TRANSFER** the Motion for Relief from Judgment (Dkts. 28, 29) to the Court of Appeals for the Sixth Circuit. 28 U.S.C. § 1631; *see also Moreland*, 813 F.3d at 325 (citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

IT IS SO ORDERED.

Dated: March 1, 2019       s/Judith E. Levy
   Ann Arbor, Michigan     JUDITH E. LEVY
                                         United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 1, 2019.

                                         s/Shawna Burns
                                         SHAWNA BURNS
                                         Case Manager