# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Kahri Smith,

                Petitioner,     Case No. 15-cv-11648

v.                                    Judith E. Levy
                                     United States District Judge

Bonita Hoffner,

                                     Mag. Judge Anthony P. Patti

                Respondent.

_____/

## ORDER TRANSFERRING PETITIONER'S LETTER-MOTION [34] TO THE SIXTH CIRCUIT COURT OF APPEALS

On November 28, 2017, the Court denied Petitioner Kahri Smith's habeas corpus petition and denied a certificate of appealability. (ECF No. 18) The Sixth Circuit Court of Appeals also denied a certificate of appealability. *Smith v. Hoffner*, No. 18-1035 (6th Cir. May 25, 2018) (ECF No. 26). Petitioner then filed a motion for relief from judgment, which the Court transferred to the Court of Appeals because it was an unauthorized successive habeas petition. (ECF Nos. 28, 29, 31.) The Court of Appeals denied authorization to file a successive petition. (ECF No. 33.) Now before the Court is Petitioner's letter-motion raising new challenges to his state court conviction. (ECF No. 34.)

A district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). A second or successive habeas application is one that that presents a claim already "presented in a prior application," *Id.* at § 2244(b)(1), or any new claim unless a constitutional law is newly retroactive, the factual predicate could not have been discovered earlier, or the petitioner can show that he is innocent. *Id.* at § 2244(b)(2). A motion is a "second or successive" habeas application if it "'advances' one or more [federal] 'claims'" attacking the merits of a state court conviction. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (quoting *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005)). Following denial of a habeas petition by a district court, a petitioner may not use a motion "to try to raise new habeas claims [or] supplement already litigated claims with new evidence." *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

Petitioner's letter-motion raises a new federal claim—the denial of his Sixth Amendment right to the effective assistance of counsel. (*Id.* at PageID.1201-03.) The motion, therefore, is a successive habeas petition.

Petitioner has not obtained appellate authorization to file a subsequent petition. 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Clerk of the Court shall TRANSFER the Letter-Motion (ECF No. 34) to the Court of Appeals for the Sixth Circuit. 28 U.S.C. § 1631; *see also Moreland*, 813 F.3d at 325 (citing *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

IT IS SO ORDERED.

Dated: August 17, 2020  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2020.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager